```
            UNITED STATES DISTRICT COURT FOR THE
                   DISTRICT OF NEW HAMPSHIRE
```

Wayne Kenison

    v.                                Civil No. 08-cv-454-JD
                                        Opinion No. 2009 DNH 064

Michael J. Astrue, Commissioner,
Social Security Administration

## O R D E R

Wayne Kenison seeks review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's decision that he was not entitled to Social Security disability benefits before May 25, 2004, because he was capable until then of returning to his past relevant work. Kenison contends that the Administrative Law Judge ("ALJ") erred in failing to find that he was disabled as of January 1, 2002. The Commissioner moves to affirm the decision.

## Background

Wayne Kenison was born in May of 1947. He is a high school graduate. He previously worked as a furniture salesman, a farm hand, a clerk at a hardware store, a fish processor, the owner and operator of a floor covering store, the owner and operator of a greenhouse, and a machine tool operator. In October of 2003, Kenison was attending college.

Kenison was seen by a physician's assistant on December 11, 2000, for left shoulder and arm pain. He was prescribed Motrin and was sent for an x-ray. Kenison saw Dr. FitzMorris on January 8, 2001, for the same shoulder and arm pain. Dr. FitzMorris concluded that Kenison should take Vioxx, used to relieve symptoms of arthritis, and avoid activities that made the pain worse. On February 5, 2001, Kenison reported to Dr. FitzMorris that the pain was essentially resolved.

In July of 2001, Kenison saw Dr. Ruediger for chronic low back pain that began in 1995 when he hurt his back while working in a machine shop. Dr. Ruediger found that Kenison was experiencing some back spasms and recommended that he continue with Ibuprofen, take Flexeril for relief of muscle spasms, avoid lifting more than ten pounds, and avoid bending, stooping, and twisting at the waist. A Functional Capacity Evaluation done on July 19, 2001, found that Kenison could perform light duty work, lifting twenty pounds infrequently and ten pounds or less frequently, and that he should avoid twisting, rotation, and bending. In August of 2002, Dr. Ruediger noted that Kenison was doing fine other than some difficulty with muscle spasms.

On February 26, 2004, Kenison had an x-ray taken of his lumbar spine that showed spurring and mild narrowing of the L4-5 disc space. An MRI done in June of 2004 also found narrowing of

the L4-5 disc space with a small disc herniation. In July of 2004, a non-examining physician concluded that Kenison could frequently lift ten pounds, occasionally lift twenty pounds, and could sit, stand, and walk for six hours in an eight hour day but that he could only occasionally engage in activities requiring certain postures such as bending or crawling.

Kenison applied for disability benefits on October 10, 2003, when he was fifty-six years old. His claim was denied initially, and he sought a hearing before an ALJ. The hearing was held on August 17, 2005. Kenison was represented by counsel and testified at the hearing. A vocational expert also testified about Kenison's various past jobs. The ALJ issued his decision on January 27, 2006. He concluded, based on the Medical-Vocational Guidelines, that Kenison was disabled as of May 24, 2004. The ALJ found that prior to that time, Kenison retained the functional capacity to perform light work and could return to his past work as a hardware store clerk and a fish processor. Kenison's request for review was denied by the Appeals Council on September 11, 2008, making the ALJ's decision the final decision of the Commissioner.

Discussion

Kenison contends that the ALJ erred in finding that he could return to his prior work as a hardware clerk because the vocational expert classified that job at the heavy exertional level when the ALJ's functional capacity assessment limited Kenison to light work.  Kenison also contends that the ALJ erred in finding that he could return to his former work as a fish processor because that job occurred more than fifteen years before the hearing and was not light work.  The Commissioner argues that the ALJ properly found that Kenison could perform his previous work as a hardware store clerk and a fish processor, in the manner in which he actually did those jobs.

The court's review under § 405(g) is "limited to determining whether the ALJ deployed the proper legal standards and found facts upon the proper quantum of evidence."  Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999).  If the ALJ's factual findings are supported by substantial evidence in the record, they are conclusive, even if other evidence would support a contrary conclusion.  Id.; Tsarelka v. Sec'y of Health & Human Servs., 842 F.2d 529, 535 (1st Cir. 1988).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971).

A five-step process is used to evaluate an application for social security benefits. 20 C.F.R. § 404.1520(a)(4). In this case, the analysis concluded at step four when the ALJ found that Kenison could return to his former work as a hardware clerk or a fish processor, as he performed those jobs. The applicant bears the burden through the first four steps to show that he is disabled. Freeman v. Barnhart, 274 F.3d 606, 608 (1st Cir. 2001).

At step four, the ALJ first assesses the claimant's residual functional capacity. § 404.1520(a)(4). Then, the ALJ compares the claimant's residual functional capacity with the physical and mental demands of work that he has done in the past fifteen years. 20 C.F.R. § 404.1560(b). The demands of past work may be based on the demands of the job as it is generally performed in the national economy or on the demands of the actual job as described by the claimant. § 404.1560(b)(2).

In this case, the ALJ found that Kenison was capable of light work until May 25, 2004, when worsening of his condition restricted him to sedentary work. Light work is defined in the social security regulations as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or

>  when it involves sitting most of the time with some
>  pushing and pulling of arm or leg controls.  To be
>  considered capable of performing a full or wide range
>  of light work, you must have the ability to do
>  substantially all of these activities.

§ 404.1567(b).  In addition, because "frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday.  Sitting may occur intermittently during the remaining time."  Social Security Ruling 83-10, 1983 WL 31251, at *5-6; accord Haynes v. Barnhart, 416 F.3d 621, 627 n.1 (7th Cir. 2005).

Kenison described his hardware clerk work as a job in which he worked eight hours each day in a five day week.  He reported that each day he would walk for eight hours, stand for eight hours, and sit for two hours.  The heaviest weight he lifted was less than ten pounds.  Kenison also explained that he was relieved of work that required repetitive motion, lifting, bending, stooping, twisting, and turning.  In contrast to Kenison's description of his actual job, the vocational expert classified a hardware clerk position as requiring work at the heavy exertional level.

Kenison argues that because the vocational expert classified a hardware clerk position as heavy work and he was limited to

light work, the ALJ erred in finding he was able to work as a hardware clerk until May 25, 2004.  As the Commissioner points out, however, the ALJ did not find that Kenison could work as a hardware clerk as that job generally exists in the national economy.  Instead, the ALJ concluded that Kenison could do the actual job he had previously.

Alternatively, Kenison contends that he could not do the actual hardware clerk job after May of 2002 because it required him to stand for eight hours each day, which was beyond his capacity for light work.  Although Kenison indicated in his disability report that his hardware clerk job required walking and standing, each, for eight hours every day and sitting for two hours every day, he also stated that he only worked eight hours each day.  Therefore, Kenison's description is reasonably interpreted to mean that during an eight-hour work day, he would walk and stand during the entire day interspersed with two-hours of sitting.  As such, Kenison's description of the hardware clerk job, as he performed it, is consistent with his assessed ability to do light work before May 24, 2004, and provides substantial evidence to support the ALJ's finding that Kenison could return to that previous work.

Kenison's challenge to the ALJ's finding that he could return to his previous work as a fish processor appears to be

well-taken.  That issue need not be resolved here, however, because the ALJ properly found that Kenison could return to his previous work as a hardware clerk.  Therefore, the Commissioner's decision that Kenison was not disabled before May 25, 2004, is affirmed.

## Conclusion

For the foregoing reasons, the plaintiff's motion to reverse (document no. 12) is denied.  The Commissioner's motion to affirm (document no. 13) is granted.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

May 7, 2009

cc: Karen B. Fitzmaurice, Esquire
    Francis M. Jackson, Esquire
    T. David Plourde, Esquire